In the Matter of RICHARD PIKNA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 25, 1985

### APPEARANCES OF COUNSEL

*James R. Cohen* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Richard Pikna,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Petitioner, Departmental Disciplinary Committee for the First Department, seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

Respondent was admitted to practice in this State on October 24, 1973 in the Appellate Division, Second Judicial Department. On May 24, 1984, respondent, who maintained an office for the practice of law within the First Department, was suspended by this Department from practice as an attorney and counselor-at-law pending resolution of certain matters and further order of this court. His suspension was based on his failure to cooperate with the Disciplinary Committee in the investigation of complaints alleging misconduct and his duty to comply with process issued by this court. Also involved was respondent's filing a false and fraudulent application for admission to practice in this State, in that in his application to the Second Department on October 4, 1973, respondent concealed the fact that he had been admitted to and disbarred from the Canadian Bar.

Thereafter, on September 19, 1984, respondent pleaded guilty in the Supreme Court, New York County, to two counts of grand

larceny in the second degree, a class D felony (Penal Law § 155.35), and four counts of the Supreme Court information. A judgment of conviction was entered on January 4, 1985 and respondent was sentenced on each count to indeterminate terms of a maximum of six years and a minimum of two years, each count to run concurrently, and to run concurrently with the sentence imposed on the superior court information.

Pursuant to Judiciary Law § 90 (4) (a), respondent is automatically disbarred and ceases to be an attorney and counselor-at-law "upon his conviction of a felony."

Accordingly, in accordance with section 90 (4) (b) thereof, and upon the court's review of the certified copy of the judgment of respondent's conviction, petitioner's motion is granted and respondent's name is hereby ordered to be stricken from the roll of attorneys.

MURPHY, P. J., ROSS, CARRO, ASCH and KASSAL, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York.